

# The Attorney General of Texas

April 14, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas District Attorney
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-322

Re: Collection of fines assessed in Dallas County Criminal Courts

Dear Mr. Wade:

You have requested our opinion regarding the collection of fines assessed in the Dallas County Criminal Courts. You ask the following questions:

1. Does the sheriff of Dallas County have the sole responsibility for the collection of all fines assessed in the Dallas County Criminal Courts? If not, where does this responsibility lie?

2. Do the judges of the Dallas County Criminal Courts have the authority under the statutes creating these courts to order or direct that fines assessed in these courts be paid to or collected by the county clerk employees who are the clerks of said courts?

Although a number of statutes refer to the duties of the sheriff in the collection of fines, none of them place the responsibility for doing so exclusively on the sheriff. Article 1616, V.T.C.S., for example, provides in pertinent part:

> An account shall be kept with the sheriff charging him with all judgments, fines, forfeitures and penalties, payable to and rendered in any court of the county, the collection of which he is by law made chargeable.

See also Code of Criminal Procedure arts. 43.01-.13.

Other statutes obviously contemplate that the county clerk shall collect fines. Article 1946, V.T.C.S., provides that:

> [o]n the last day of each term of the county court, the clerk shall make a written statement showing all moneys received by him for jury fees and fines. . . .

Article 1947, V.T.C.S., directs the clerk to:

> pay to the county treasurer all jury fees and fines received by him to the use of the county.

The county criminal courts of Dallas County are possessed of:

> concurrent jurisdiction within the said county of all criminal matters and causes, original and appellate that is now vested in the county courts having jurisdiction in civil and criminal cases under the Constitution and laws of Texas.

V.T.C.S. art. 1970-31.10, §2.

As part of their jurisdiction in criminal cases, county courts are authorized to impose fines. Article 42.15(a) of the Code of Criminal Procedure provides that:

> [w]hen the defendant is fined, the judgment shall be that the defendant pay the amount of the fine and all costs to the state. (Emphasis added).

In our opinion, the court may, in accordance with its authority to impose fines, direct that a defendant pay the amount of a fine to a particular officer acting on behalf of the state. Since the statutes indicate that both the sheriff and county clerk have responsibilities in the collection of fines, we believe that the court is therefore authorized to direct a defendant to pay the amount of the fine to either of those officers. We note, however, that only the sheriff is authorized to enforce collection of a fine as to which there has been a default, even if the fine was originally ordered paid to the county clerk. V.T.C.S. art. 1616.

## SUMMARY

Both the sheriff and county clerk have responsibilities in the collection of fines. The judges of the county criminal courts of Dallas County may direct a defendant to pay the amount of a fine to either the sheriff or the county clerk, acting on behalf of the state.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin